**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

October 23, 2020

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. William F. Kuntz II, U.S.D.J.
225 Cadman Plaza East
Courtroom 6H North
Brooklyn, NY 11201-1804

   *Re:* **Plaza Motors of Brooklyn, Inc.,** *et al.* **v. Cuomo,** *et al.*
     <u>**Case No.: 1:20-cv-4851 (WFK) (SJB)**_____</u>

Dear Judge Kuntz:

   This firm represents the Plaintiffs in the above-referenced case. Plaintiffs write to respectfully seek leave to supplement their papers and arguments during yesterday's hearing concerning a single disputed point of contention.

   During argument yesterday, Defendant Cuomo repeatedly represented that although walk-in customers looking to purchase a vehicle are not permitted, Plaintiffs may conduct negotiations in-person so long as customers make an appointment in advance.

   However, that is not what the Empire State Development Corp.'s ("ESD") Guidance states. It permits "automotive sales conducted remotely or electronically, with in-person vehicle showing, return, and delivery by appointment only." See https://esd.ny.gov/guidance-executive-order-2026. Plaintiffs and the Greater New York Automobile Dealers Association ("GNYADA") interpret Executive Order ("EO") No. 202.68 and the Empire State Development Corp.'s Guidance to require that sales must be handled remotely, such that: (i) employees involved in the sale or lease of a vehicle cannot conduct these transactions on the dealership premises; (ii) *all negotiations must be done using the telephone or electronic methods*; and (iii) sales department workers cannot even report to work to use phones and computers to contact consumers. See http://www.gnyada.com/COVID-19/remote/ (last visited October 23, 2020) (emphasis added).

   In this regard, the Defendants' representations at the hearing are factually inaccurate, and only further highlight the vagueness and arbitrariness of EO 202.68 as applied to Plaintiffs. There is no reasonable basis for Defendants to rationally argue that preventing the public at large from walking into a dealership on one (1) block in Brooklyn while permitting them to do so on other blocks a mile away will prevent the transmission of COVID-19.

   Accordingly, for these reasons, those submitted in Plaintiffs' papers, and those argued during yesterday's hearings, this Court should strike down EO 202.68 as unconstitutional in its entirety, or – alternatively – as applied to Plaintiffs.

Plaintiffs thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
October 23, 2020

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Jamie S. Felsen, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com