**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
___

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

November 10, 2020

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. William F. Kuntz II, U.S.D.J.
225 Cadman Plaza East
Courtroom 6H North
Brooklyn, NY 11201-1804

   *Re:* **Plaza Motors of Brooklyn, Inc.,** *et al.* **v. Cuomo,** *et al.*
     <u>**Case No.: 1:20-cv-4851 (WFK) (SJB)**_____</u>

Dear Judge Kuntz:

   This firm represents the Plaintiffs in the above-referenced case.  Plaintiffs write in response to Defendants Andrew M. Cuomo and Empire State Development Corporation's (hereinafter the "State Defendants" or the "State") letter informing this Court of a so-called "significant change in circumstances that bears upon the currently pending motion."  The State claims that Plaintiffs are no longer in the "red zone" based on the data of decreased positivity rates and new daily cases in "certain neighborhoods," data which they have yet to provide to Plaintiffs and the public. For the reasons set forth below, Plaintiffs respectfully submit that this does not constitute a significant change in circumstances that bears upon the currently pending motion.

   Though they do not expressly state as much, the State effectively intimates that Plaintiffs' motion is now moot because they are no longer in the "red zone" since on or about November 6, 2020.  However, an otherwise moot issue may still be justiciable if the underlying dispute is "capable of repetition, yet evading review." <u>See</u> <u>Knaust v. City of Kingston</u>, 157 F.3d 86, 88 (2d Cir. 1998) (quotation marks omitted).  A controversy is "capable of repetition, yet evading review" when both of the following two elements are met: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again."  <u>See</u> <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975) (*per curiam*).

   Here, from October 9 through November 6, Plaintiffs were subjected to enforcement by the government of complying with special "red zone" rules that prevented them from operating the same way similarly situated dealerships outside the "red zone" operate.  Plaintiffs contend that the executive Order is unconstitutional.  Although Plaintiffs sought a temporary restraining Order and preliminary injunction two (2) days before the "red zones" were to be enforced, the government's conduct was indisputably too short in duration to be fully litigated prior to its cessation, the basis upon which – again – rests on data that was never provided, despite the fact sworn declarations state this data was relied upon to make its decisions concerning the "red zone."

Hon. William F. Kuntz II, U.S.D.J.
November 10, 2020
P a g e | **2**

Moreover, it is beyond cavil that the government may, yet again, rely on "data" which it has refused to provide to once again place Plaintiffs within a red zone. This is so because the challenged executive Order – 202.68 – remains in effect.

Consequently, Plaintiffs respectfully submit that this advent has no bearing on the Plaintiffs' pending motion whatsoever, and Plaintiffs respectfully seek a ruling on their motion without regard to whether they remain in the "red zone."

It appears that Defendants also argue that this entire action is now moot. Even assuming *arguendo* that Plaintiffs' motion for preliminary injunction is moot (which it is not, as discussed *supra*), the Amended Complaint seeks monetary relief for damages Plaintiffs have suffered due to Defendants' constitutional violations of Plaintiffs' rights beginning in early October 2020.

Plaintiffs thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
       November 10, 2020

                                            Respectfully submitted,

                                            **MILMAN LABUDA LAW GROUP PLLC**

                                            _____/s_____
                                            Jamie S. Felsen, Esq.
                                            Emanuel Kataev, Esq.
                                            3000 Marcus Avenue, Suite 3W8
                                            Lake Success, NY 11042-1073
                                            (516) 328-8899 (office)
                                            (516) 328-0082 (facsimile)
                                            jamiefelsen@mllaborlaw.com
                                            emanuel@mllaborlaw.com

cc: All counsel of record (via ECF).