# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
———

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

November 30, 2020

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. William F. Kuntz II, U.S.D.J.
225 Cadman Plaza East
Courtroom 6H North
Brooklyn, NY 11201-1804

      *Re:*   **<u>Plaza Motors of Brooklyn, Inc.,</u>** *et al.* **<u>v. Cuomo,</u>** *et al.*
             **<u>Case No.: 1:20-cv-4851 (WFK) (SJB)</u>**

Dear Judge Kuntz:

      This firm represents the Plaintiffs in the above-referenced case. Plaintiffs write to respectfully supplement their arguments in support of their motion for a preliminary injunction based on a decision issued by the Supreme Court of the United States (hereinafter "SCOTUS" or the "Supreme Court") on November 25, 2020 concerning the same executive order Plaintiffs challenge in this case – Executive Order ("EO") No. 202.68.

      In <u>Roman Catholic Diocese of Brooklyn v. Cuomo</u>, SCOTUS *granted* the petitioners injunctive relief and enjoined the respondents (the same Defendants in the instant case) from enforcing Executive Order No. 202.68 pending disposition of the petitioners' appeal in the United States Court of Appeals for the Second Circuit ("Second Circuit"). <u>See</u> 2020 WL 6948354 (2020).

      This binding decision is instructive in many respects, and Plaintiffs respectfully submit that they are entitled to injunctive relief as the petitioners in <u>Roman Catholic Diocese of Brooklyn</u> were granted same. In its analysis, the Supreme Court compared the Defendants' edicts restricting houses of worship in red zones or organized zones from admitting more than ten (10) or twenty-five (25) individuals, respectively, while permitting businesses categorized as "essential" to admit as many people as they wish. Plaintiffs' plight under Defendants' draconian directives is strikingly similar; dealerships in an orange zone a mere mile away may conduct business as usual while Plaintiffs, during the time they are in the red zone, are forced to turn away walk-in customers and require them to make an appointment.

      Notably, in Justice Gorsuch's concurrence, he sharply criticized Defendants' determination of what businesses are essential: "[i]t may be unsafe to go to church, but it is always fine to pickup another bottle of wine, shop for a new bike, or spend the afternoon exploring your distal points and meridians." <u>Id</u>. Critically, EO No. 202.68 makes the purchasing of liquor essential, but not the need to purchase an automobile, which is typically necessary not only to travel to purchase necessities like food (and according to Defendants, liquor), but also to travel to a medical facility to get tested for COVID-19 and to receive medical treatment for symptoms related to COVID-19.

Hon. William F. Kuntz II, U.S.D.J.
November 30, 2020
P a g e | **2**

It is also worthy to note that, like the court in County of Butler v. Wolf, 2020 WL 5510690, at *22 (W.D.Pa. Sept. 14. 2020), the Supreme Court applied a strict scrutiny analysis rather than defer to the ancient century-old Jacobsen standard which pre-dated the tiered analysis for review of constitutional violations. Plaintiffs respectfully submit that based on Roman Catholic Diocese of Brooklyn, this Court must apply the same analysis and that Defendants fail to survive strict scrutiny here.

Indeed, under this heavy standard, the Defendants' conduct must be narrowly tailored to serve a compelling state interest. As set forth in Plaintiffs' prior submission, Defendants fall short in two material respects. First, Defendants provide no evidence that operating a dealership under the Guidelines established prior to EO 202.68 will give rise to the spread and transmission of the corona virus. Second, Plaintiffs have altogether failed to support their assertions that the data they rely on in establishing the red zones actually indicates a rise in positive cases.; indeed, to the contrary, in the weeks leading up to the creation of the red zone, the positive COVID-19 cases in the neighborhood where Plaintiffs' dealerships are located were on the decline.

Critically, to date, Defendants have not voluntarily produced this data which they claim to rely upon, and instead have sought to obfuscate and delay by both seeking a stay of discovery in this case pending their anticipated motion to dismiss and removing the red zone designation in Brooklyn in time to coincidentally attempt to evade review on mootness grounds. See Docket Entries 33 (request for stay) and 36 (notification of removal of red zone in Brooklyn). Accordingly, Plaintiffs have established a likelihood of success on the merits warranting an Order granting injunctive relief. There are other less restrictive rules that could be adopted to minimize the risk to those seeking to purchase a vehicle, and Defendants cannot establish that more restrictive rules will serve Defendants' compelling state interest in preventing the spread or transmission of the corona virus.

Finally, as Plaintiffs set forth in their letter submitted in response to Defendants' correspondence concerning the termination of the red zone in Brooklyn, this matter is not moot. See Docket Entry 37. Like the petitioners in Roman Catholic Diocese of Brooklyn, Plaintiffs remain under a constant threat that their dealerships situated in Brooklyn will be reclassified as a red zone, and EO 202.68 remains in effect. See Id. at *3.

Accordingly, Plaintiffs respectfully submit that their motion for injunctive relief be granted and Defendants be enjoined from enforcing EO 202.68 in its entirety; alternatively, Plaintiffs respectfully seek an Order enjoining Defendants from enforcing EO 202.68 as it applies to Plaintiffs.

Plaintiffs thank this honorable Court for its time and attention to this case.

Hon. William F. Kuntz II, U.S.D.J.
November 30, 2020
P a g e | **3**

Dated: Lake Success, New York
November 26, 2020

                                                 Respectfully submitted,

                                                 **MILMAN LABUDA LAW GROUP PLLC**

                                                 _____/s_____
                                                 Jamie S. Felsen, Esq.
                                                 Emanuel Kataev, Esq.
                                                 3000 Marcus Avenue, Suite 3W8
                                                 Lake Success, NY 11042-1073
                                                 (516) 328-8899 (office)
                                                 (516) 328-0082 (facsimile)
                                                 jamiefelsen@mllaborlaw.com
                                                 emanuel@mllaborlaw.com

cc: All counsel of record (via ECF).