# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

December 14, 2020

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. William F. Kuntz II, U.S.D.J.
225 Cadman Plaza East
Courtroom 6H North
Brooklyn, NY 11201-1804

> *Re:*   **Plaza Motors of Brooklyn, Inc.,** *et al.* **v. Cuomo,** *et al.*
> **Case No.: 1:20-cv-4851 (WFK) (SJB)_____**

Dear Judge Kuntz:

This firm represents the Plaintiffs in the above-referenced case.  Plaintiffs write, pursuant to ¶ III(B)(3) of this Court's Individual Motion Practices and Rules, to respectfully oppose Defendants Andrew M. Cuomo and Empire State Development Corporation's (hereinafter the "State Defendants" or the "State") renewed letter motion for a stay of discovery[1] pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rule" or "Rules").  For the reasons set forth below, the State's motion must be denied in its entirety – again.

<u>*Déjà Vu* All Over Again – Factual Background</u>

As the State concedes, it previously sought a stay of discovery and its request was denied by this Court.  <u>See</u> Docket Entries 33-34 and Text Only Order dated November 5, 2020.  The State now argues that it "did not have the opportunity to present their request for a stay beyond a single paragraph in their letter" because the Court dispenses with a pre-motion conference.  However, a motion for a stay is not one of the motions for which this court requires a pre-motion conference.  Therefore, Defendant had no reason, in the first instance, to request a pre-motion conference concerning a motion to stay.  It was required to file a motion.  Thus, the State's excuse that it was somehow previously prevented from providing its detailed arguments in support of its motion for a stay, and its attempt at a second bite at the apple must be rejected.  At best, the State's motion can only be considered a motion for reconsideration, which must be rejected because (i) it is untimely; and (ii) it includes arguments omitted from its underlying motion seeking a stay.

As previously set forth by Plaintiffs, discovery is necessary to ascertain the percentages the State has bandied about in support of its decisions to map the red zones; only discovery can determine whether the Defendants used a stencil or a crayon.

---

[1] In email correspondence with your undersigned this morning, counsel for Defendant Bill de Blasio indicated his intention to join in the State's letter motion for a stay.

Hon. William F. Kuntz II, U.S.D.J.
December 14, 2020
P a g e | **2**

On November 30, 2020, the parties had a conference to prepare a discovery plan worksheet and Plaintiffs sent Defendants a proposed discovery plan worksheet pursuant to Judge Bulsara's individual rules in advance of the conference. The Defendants at that time discussed a discovery schedule and never mentioned anything about seeking a stay again.

Indeed, on December 2, 2020, Plaintiffs sent Defendants a revised discovery plan worksheet and joint letter based on the parties' December 2 conference. Defendants now come to the well once more, in bad faith, on account of their surprise filing without first meeting and conferring with Plaintiffs before doing so despite having an opportunity to do so.

These sharp practices must not be countenanced by this Court.

Indeed, the State continues to hide the ball in preventing public disclosure of the very data which the City has already conceded is "confusing" and thus not subject to disclosure to the public. What exactly is the problem with providing this data if it will, as they assert it would, establish that the State's decisions are rationally related to public health concerns based on this data?

<u>The Standard of Review for the State's Motion for Reconsideration in Disguise</u>

For all its six (6) page weight, the State fails to establish in its "renewed" motion good cause warranting a stay; the factors this Court would consider on such a motion, including the nature and complexity of this action, all weigh in favor of denying their requested relief. Further, the State's reasoning that it was previously only limited to a paragraph in seeking that relief and did not have the purported strength of their now served motion to dismiss to rely on does not operate to change anything.

More importantly, the State fails to meet the doubly demanding burden it faces because its so-called "renewed" letter motion is, in actuality, a motion for reconsideration of this Court's November 5, 2020 ruling on their original motion for a stay of discovery. Indeed, the relief sought by the State here is appropriately "treated as a motion for reconsideration" as it seeks to "modify" a prior order of the Court, whether or not the party chooses to "style" the request as such. <u>See</u> <u>Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.</u>, 2003 WL 21058105, at *1 n.2 (S.D.N.Y. May 9, 2003), <u>aff'd</u> <u>in</u> <u>part</u>, <u>rev'd</u> <u>and</u> <u>remanded</u> <u>in</u> <u>part</u> <u>on</u> <u>other</u> <u>grounds</u> <u>sub</u> <u>nom.</u> Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C., 370 F.3d 259 (2d Cir. 2004).

"Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." <u>See</u> <u>Alfandary v. Nikko Asset Mgmt. Co.</u>, 2019 WL 2525414, at *2 (S.D.N.Y. June 19, 2019) (citation omitted). Likewise, the law-of-the-case doctrine "dictates a general practice of refusing to reopen what has been decided." <u>See</u> <u>Wright v. Cayan</u>, 817 F.2d 999, 1002 n.3 (2d Cir. 1987); <u>see</u> <u>also</u> <u>Ge Dandong v. Pinnacle Performance Ltd.</u>, 966 F. Supp. 2d 374, 385-87 (S.D.N.Y. 2013).

Hon. William F. Kuntz II, U.S.D.J.
December 14, 2020
P a g e | **3**

Crucially, under these doctrines, Defendants may not succeed by "making new arguments that could have been previously advanced." See Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); accord Fogel v. Chestnutt, 668 F.2d 100, 109 (2d Cir. 1981). Rather, Defendants must show "an *intervening change of controlling law*, the *availability of new evidence*, or *the need to correct a clear error or prevent manifest injustice.*" See Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (applying law of the case) (citation omitted) (emphasis added).

Much like Plaintiffs anticipate will occur with the Defendants' motions to dismiss, the State comes up empty-handed in establishing either of the three necessary prerequisites to succeed on its motion for reconsideration. Instead of addressing these required elements for its motion (let alone stating the appropriate standard of review for same), the State dedicates much time to regurgitating and summarizing the arguments in its motion to dismiss and so-called "other factors" without setting forth any intervening change of law, new evidence, or any reason for the need to correct a clear error or to prevent manifest injustice.

Quite the opposite, on all three (3) fronts.

While there has been an intervening change of controlling law, this prong of analysis for determining the State's motion for reconsideration weighs in Plaintiffs' favor. In Roman Catholic Diocese of Brooklyn v. Cuomo, 2020 WL 6948354 (2020), the Supreme Court of the United States granted the petitioners there injunctive relief against the State in challenging the same executive Order at issue here.

With respect to new evidence, the State fails to provide any, as it fails to provide the actual scientific data it claims it relies on in making the decisions challenged in this case.

Finally, the State similarly fails to point to any clear error made, and the only manifest injustice here is Plaintiffs' dealerships being gerrymandered by the government without so much of a clue as to what justifies such a decision given the lack of any rational relationship to the State's stated goal of preventing transmission of the corona virus.

As such, this motion for reconsideration must be denied for these reasons alone. In addition, in asking this Court for a stay again, the State seeks to make new arguments that could have been previously advanced. The Court must reject this based on binding Second Circuit precedent, and the State's motion must be denied for this reason, as well.

The State's Motion for a Stay Must be Denied (Again) in its Own Right

Even were this Court to consider the State's "renewed" motion on its own merits (which it should not), every factor weighs against granting a stay of discovery pending its motion to dismiss for the same reasons set forth in Plaintiffs': (i) previous letter in opposition to a stay of discovery; (ii) memorandum of law in support of their motion for a temporary restraining order; and (iii) reply memorandum of law in further support of their motion for a preliminary injunction (all of which Plaintiffs incorporate by reference herein). See Docket Entries 5, 26, and 34.

Hon. William F. Kuntz II, U.S.D.J.
December 14, 2020
P a g e | **4**

It only behooves Plaintiffs to reiterate that the breadth of discovery and the burden of responding to it should be minimal based on Defendants' very own representations. Defendants have stated under oath in declarations submitted under the penalty of perjury that they rely on a database containing data to determine their decisions based on *science*, the magic word they have incanted to justify their decisions without providing the data backing up the aforesaid science. Defendants have made numerous other databases publicly available. See, e.g., https://covid19tracker.health.ny.gov/views/NYS-COVID19-Tracker/NYSDOHCOVID-19Tracker-Fatalities?%3Aembed=yes&%3Atoolbar=no&%3Atabs=n (New York State COVID-19 Fatalities Tracker); https://www1.nyc.gov/site/doh/covid/covid-19-data.page (New York City COVID-19 Data Page). Curiously enough, the data supporting the Defendants' decision to implement the red zones remains unavailable. Discovery of this data, among other things, is crucial to resolving the merits of this case, and Defendants' continued, repeated, and undeterred efforts to place a stopgap on this effort must be seen for what it is – a stall tactic. Indeed, since Defendants have averred that they rely on this apparently readily available data to make their decisions, there can be no burden whatsoever in producing it.

For the foregoing reasons, the State's motion for reconsideration must be denied. Plaintiffs thank this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
December 14, 2020                                   Respectfully submitted,

                                   **MILMAN LABUDA LAW GROUP PLLC**
                                   _____/s_____
                                   Jamie S. Felsen, Esq.
                                   Emanuel Kataev, Esq.
                                   3000 Marcus Avenue, Suite 3W8
                                   Lake Success, NY 11042-1073
                                   (516) 328-8899 (office)
                                   (516) 328-0082 (facsimile)
                                   jamiefelsen@mllaborlaw.com
                                   emanuel@mllaborlaw.com

**VIA ECF**                                        **VIA ECF**
State of New York                                  James E. Johnson
Office of the Attorney General                     Corporation Counsel of the City of New York
Attn: Maryam Jazini Dorcheh, Esq.                  Attn: Rachel K. Moston & Edward L. Murray, Esqs.
28 Liberty Street                                  100 Church Street, Rooms 5-153 & 5-319,
New York, NY 10005                                 respectively
maryam.jazini@ag.ny.gov                            New York, NY 10007
                                                   rmoston@law.nyc.gov
                                                   emurray@law.nyc.gov
*Attorneys for the State*

                                                   *Attorneys for Bill de Blasio*