UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLAZA MOTORS OF BROOKLYN, INC. d/b/a PLAZA HONDA, PLAZA AUTOMOTIVE, LTD. d/b/a PLAZA KIA, CRYSTAL BAY IMPORTS LTD. d/b/a ACURA OF BROOKLYN, PLAZA OLDSMOBILE, LTD. d/b/a PLAZA TOYOTA, PLAZA HYUNDAI, LTD, d/b/a PLAZA HYUNDAI, and CRYSTAL MOTORS OF BAYSIDE, LTD d/b/a PLAZA AUTO LEASING,<br><br>                              Plaintiffs,<br><br>vs.<br><br>GOVERNOR ANDREW M. CUOMO, in his official capacity, BILL DE BLASIO, Mayor of the City of New York, in his official capacity, and EMPIRE STATE DEVELOPMENT CORPORATION,<br><br>                              Defendants. | No. 20-cv-04851-WFK-SJB<br><br>**PROTECTIVE ORDER** |

The Court enters the following Protective Order governing the disclosure of confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1)     **Definitions**. As used in this Order:

    a. Action refers to the above-captioned litigation.

    b. Discovery Material includes all information exchanged between the parties or non-party witnesses, whether gathered through informal requests or communications between the parties, non-party witnesses, or their counsel or gathered through formal discovery conducted pursuant to Rules 30 through 36, and Rule 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

    c. A Producing Party is a party to this litigation, or a non-party witness, or any other non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

    d. A Receiving Party is a party to this litigation that receives Discovery Material from a Producing Party in this Action.

2) **Non-Waiver of Non-Party Rights**. To the extent a non-party witness produces Discovery Material in this Action without receiving a Rule 45 subpoena, the non-party reserves all rights and objections, including, *inter alia*, the right to object to discovery demands in the absence of a Rule 45 subpoena.

3) **Confidential Discovery Material**. This Protective Order applies to all confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, confidential Discovery Material shall include:

   a. Any information that the disclosing Party believes in good faith constitutes trade secrets, proprietary business or government information, governmental, sensitive, or personal information, or other information the disclosure of which would, in the good faith judgment of the disclosing Party or, as appropriate, non-party designating the material as confidential, if disclosed to a Party to this action, a non-party, or to the public in general, cause harm or be detrimental to the conduct of the disclosing Party's or non-party's business or other proprietary, governmental, or privacy interest or to the business or other proprietary or privacy interest of any of that Party's or non-party's employees, customers, clients, vendors, agents, or stakeholders.

   b. Commercial information relating to any party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

   c. Non-public documents and information derived therefrom, relating to the operations of any New York State agency or any agency of the City of New York ("City"), with "non-public documents and information" defined as records that are not available to the public under the Freedom of Information Law (New York Public Officers Law, Article 6);

   d. Personnel data of the parties or their employees, including but not limited to employment application information; the identity of and information received from employment references; wage and income information; benefits information; employee evaluations; medical evaluation and treatment information and records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

   e. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

   f. Medical or mental health information;

g. Records restricted or prohibited from disclosure by statute; and

h. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material.

4) **Manner of Confidential Designation**. A Producing Party shall affix a "CONFIDENTIAL" designation to any confidential Discovery Material produced in this Action.

   a. As to documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must (i) affix the legend "CONFIDENTIAL" to each document that contains protected material; (ii) identify confidential documents as "CONFIDENTIAL" in the "Designation" data field for all productions; and (iii) produce any confidential documents in a separate "Confidential" production volume, including full families of such documents.

   b. If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is CONFIDENTIAL.

5) **Timing of Confidential Designation**.

   a. Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   b. If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed "CONFIDENTIAL." After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL" as required under this order.

6) **Qualified Recipients**. For the purposes of this Protective Order, the persons authorized to receive confidential Discovery Material (hereinafter "Qualified Recipient") are:

   a. The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives of the parties;

3

b. Any non-party New York State or City agency, including any employees or other legal representatives of the non-party New York State or City agency, to the extent necessary to provide assistance for this Action;

c. Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

d. Any non-expert or fact witness during any deposition or other proceeding in this Action, and counsel for that witness;

e. Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action, so long as such persons agree to maintain the confidential Discovery Material in confidence per the terms of this Order, and provided that such persons may only be shown copies of confidential Discovery Material and may not retain any such material;

f. Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the CONFIDENTIAL information, and the staff and assistants employed by the consulting or testifying experts;

g. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

h. The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

i. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

j. The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors; and

k. Any auditor or regulator of a party entitled to review the confidential Discovery Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes.

7) **Dissemination by the Receiving Party**. Counsel for the Receiving Party shall:

a. Require Qualified Recipients who are non-expert witnesses or expert witnesses and consultants and who receive information designated as "CONFIDENTIAL" to review and agree to the terms of this Protective Order and execute a copy of the

4

      Agreement attached hereto as Appendix A before receiving confidential Discovery Material.

   b.  Instruct witnesses, consultants, and outside counsel who assist with case preparation or represent a witness that disclosure of the information designated as "CONFIDENTIAL" is prohibited as set forth herein.

   c.  Maintain a list of any confidential Discovery Material disclosed and to whom, along with the executed copies of the Appendix A Agreement.

The prohibition on disclosing information designated as "CONFIDENTIAL" exists and is enforceable by the Court even if the person receiving the information fails or refuses to sign the Appendix A Agreement.

8) **Duty as to Designations**. Each Producing Party that designates information or items as CONFIDENTIAL must exercise reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. Broadly described, indiscriminate, or routinized designations are prohibited.

9) **Limitations on Use**. Confidential Discovery Material shall be used by the Receiving Party only to prepare for and conduct proceedings herein and not for any business or other purpose whatsoever.

10) **Maintaining Confidentiality**. Discovery Material designated as "CONFIDENTIAL" shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a Qualified Recipient. Each party, each Qualified Recipient, and all counsel representing any party, shall use their best efforts to maintain all information designated as "CONFIDENTIAL" in such a manner as to prevent access, even at a hearing or trial, by individuals who are not Qualified Recipients. Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

11) **Copies**. Discovery Material designated as "CONFIDENTIAL" shall not be copied or otherwise reproduced by the Receiving Party, except for transmission to Qualified Recipients, without the written permission of the Producing Party or, in the alternative, by order of the Court. However, nothing herein shall restrict a Qualified Recipient from loading confidential documents into document review platforms or programs for the purposes of case or trial preparation or making working copies, abstracts, digests, and analyses of information designated as "CONFIDENTIAL" under the terms of this Protective Order.

12) **Docket Filings**. All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like that are filed with the Court for any purpose and that contain Discovery Material designated as "CONFIDENTIAL" shall be provisionally filed under seal

with the filing party's motion for leave to file under seal. A party seeking to file Discovery Material under seal must comply with the Court's rules and electronic docketing procedures for filing such motions. Nothing in this agreement shall constrain the Court's ability to restrict or permit public access to documents filed on the docket or alter the standards under which public access to documents is to be determined. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

13) **Challenges to Confidentiality Designations**. A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, they shall write to the Court by electronically filing a letter not exceeding five pages in length, exclusive of attachments. A response not exceeding five pages in length, exclusive of attachments, must be served and filed within four days of receipt of the letter, unless a motion for additional time is granted. The party that produced the information designated as "CONFIDENTIAL" bears the burden of proving it was properly designated. The party challenging a "CONFIDENTIAL" designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients.

14) **Use at Court Hearings and Trial**. Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" may be offered and received into evidence at trial or at any hearing or oral argument. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the Court for an order that Discovery Material designated as "CONFIDENTIAL" be reviewed in camera or under other conditions to prevent unnecessary disclosure.

15) **Return or Destruction of Documents**. Upon final termination of this Action, including all appeals, each party shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL". The destroying party shall notify the producing party when destruction under this provision is complete. If a party is unable to destroy all Discovery Material designated as "CONFIDENTIAL", that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this action, and it shall be binding on the parties and their legal counsel in the future.

16) **Modification**. This Protective Order is entered without prejudice to the right of any party to ask the Court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order when convenience or necessity requires. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the Court.

17) **Additional Parties to Litigation**. In the event additional parties are joined in this action, they shall not have access to Discovery Material as "CONFIDENTIAL" until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Protective Order.

18) **Inadvertent Disclosure of Protected Discovery Material**.

   a. A Producing Party that inadvertently fails to properly designate Discovery Material as "CONFIDENTIAL" shall have 14 days from discovering the oversight to correct that failure. Such failure shall be corrected by providing written notice of the error to every Receiving Party, and, if applicable, reproducing the Discovery Material with the appropriate "CONFIDENTIAL" designation as set forth in paragraph 4 ("Manner of Confidential Designation").

   b. Any Receiving Party notified that confidential Discovery Material was received without the appropriate confidentiality designation as authorized under this order shall make reasonable efforts to retrieve any such documents distributed to persons who are not Qualified Recipients under this order, and as to Qualified Recipients, shall exchange the undesignated or improperly designated documents with documents that include the correct "CONFIDENTIAL" designation.

19) **Rights and Limitations.**

   a. Nothing contained herein will prevent, limit, or restrict the parties in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any Discovery Material produced in this Action.

   b. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents and related information (including metadata) for responsiveness, privilege, personally identifiable information, and/or protected information before disclosure. Nor is anything herein intended to limit a party's right, if any, to properly redact information that is privileged or otherwise protected prior to disclosure.

*/s/ Sanket J. Bulsara* April 20, 2021
_____
SANKET J. BULSARA
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLAZA MOTORS OF BROOKLYN, INC. d/b/a PLAZA HONDA, PLAZA AUTOMOTIVE, LTD. d/b/a PLAZA KIA, CRYSTAL BAY IMPORTS LTD. d/b/a ACURA OF BROOKLYN, PLAZA OLDSMOBILE, LTD. d/b/a PLAZA TOYOTA, PLAZA HYUNDAI, LTD, d/b/a PLAZA HYUNDAI, and CRYSTAL MOTORS OF BAYSIDE, LTD d/b/a PLAZA AUTO LEASING,<br><br>                              Plaintiffs,<br><br>        vs.<br><br>GOVERNOR ANDREW M. CUOMO, in his official capacity, BILL DE BLASIO, Mayor of the City of New York, in his official capacity, and EMPIRE STATE DEVELOPMENT CORPORATION,<br><br>                              Defendants. | No. 20-cv-04851-WFK-SJB<br><br>**EXHIBIT A** |

I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

_____        _____
Printed Name                                                 Signature

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PLAZA MOTORS OF BROOKLYN, INC. d/b/a PLAZA HONDA, PLAZA AUTOMOTIVE, LTD. d/b/a PLAZA KIA, CRYSTAL BAY IMPORTS LTD. d/b/a ACURA OF BROOKLYN, PLAZA OLDSMOBILE, LTD. d/b/a PLAZA TOYOTA, PLAZA HYUNDAI, LTD, d/b/a PLAZA HYUNDAI, and CRYSTAL MOTORS OF BAYSIDE, LTD d/b/a PLAZA AUTO LEASING,<br><br>      Plaintiffs,<br>vs.<br><br>GOVERNOR ANDREW M. CUOMO, in his official capacity,<br><br>BILL DE BLASIO, Mayor of the City of New York,<br>In his official capacity, and<br><br>EMPIRE STATE DEVELOPMENT CORPORATION.<br><br>      Defendants. | **STIPULATION AND ORDER REGARDING CLAWBACK AGREEMENT**<br><br>No. 20-cv-04851-WFK-SJB |

  Subject to the Court's approval, the parties in the above-captioned litigation (this "Action") hereby stipulate to the clawback order and the procedures set forth herein for addressing the clawback of privileged, protected, personally identifiable, and non-responsive information and material. This Order shall be interpreted to provide the maximum protection allowed by FRE Rule 502(d), FRCP 26(c), and any other applicable law; and shall specifically exclude the application of FRE 502(b) to any Clawback Demand and/or Protected Material, as defined herein, requested under this Order.

  1.  This Stipulation and Order shall be applicable to and govern all documents and information, including electronically stored information produced by the Parties in response to

requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, responses to any other discovery devices, and all other information or material produced, made available for inspection, or otherwise produced and/or submitted by any of the Parties in this litigation as well as testimony adduced at trial, deposition, or during any hearing (collectively, "Discovery Material").

2.   Any Party's production or disclosure in this proceeding of information or material that is not responsive, contains personally identifiable information, and/or is protected by any privilege or protection recognized by law (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute or be deemed a waiver of any claim of privilege, protection, personally identifiable information, and/or non-responsiveness applicable to that material or its subject matter in this Action or any other federal or state proceeding, and shall be governed by the procedures set forth herein.

*Clawback Demand by Producing Party*

3.   Any Party that produces Protected Material (the "Producing Party"), or any other party purporting to hold a privilege, may notify in writing the Party receiving Protected Material (the "Receiving Party") that it has disclosed Protected Material without intending a waiver by the disclosure and demand that it be returned or destroyed (the "Clawback Demand"). Such demand shall be made after the Producing Party discovers that the Protected Material was produced or disclosed and shall identify the Protected Material to be returned or destroyed (including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document or information) and the basis for the claim of privilege, protection, personally identifiable information, and/or non-responsiveness.

*Receiving Party to Immediately Notify Producing Party; Cease Inspection, Use and/or Disclosure of Protected Material*

4. Immediately upon identifying a document or information produced by the Producing Party that appears to be Protected Material, the Receiving Party shall (i) notify the Producing Party in writing of its receipt of the potentially Protected Material, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand; and (ii) cease any inspection, use, or disclosure of the Protected Material, and of any work product, analyses, memoranda, or notes that were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material.

5. Immediately upon receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege, protection, personally identifiable information, and/or non-responsiveness, the Receiving Party shall cease any inspection, use, or disclosure of the Protected Material, and of any work product, analyses, memoranda, or notes that were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material.

6. In the absence of an Order permitting otherwise, after the Receiving Party has identified a document or information produced by the Producing Party that appears to be Protected Material, or after it receives a Clawback Demand, the Receiving Party will not introduce the Protected Material into evidence, disclose it to any person or entity, or use it for any purpose in this or any other action.

*Receiving Party to Destroy or Return Protected Material & Related Material*

7. The Receiving Party, within ten (10) business days of receiving a Clawback Demand, regardless of whether the Receiving Party agrees with the claim of privilege, protection, personally identifiable information, and/or non-responsiveness, shall: (a) destroy the Protected Material or return it to the Producing Party, including any paper or electronic copies, (b) notify any third party to whom the Receiving Party sent or disclosed such identified Protected Material to return it to the Producing Party or destroy it; and (c) destroy any work product, analysis, memoranda, or notes reflecting the content of such produced Protected Material and/or which were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material. If any additional work product, analyses, memoranda, or notes are later discovered, they shall immediately be destroyed. The Receiving Party shall provide written assurance to the Producing Party that these actions have been completed within ten (10) days of receiving a Clawback Demand. If the document or information subject to the Clawback Demand contains Protected Material only in part, then the Producing Party shall, in a timely manner, produce redacted versions of the documents subject to the Clawback Demand.

*Seeking an Order to Produce Protected Material*

8. Notwithstanding the directives of paragraph 7, if a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitute Protected Material, then, within ten (10) business days of receiving the Clawback Demand (and upon the fulfillment of any obligation to meet and confer as may be required by rule or applicable law), the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand. The Receiving Party's motion and/or argument

to the Court (i) shall not disclose or otherwise refer to the content of the Clawback Material beyond the information set forth in a privilege log; and (ii) shall not disclose that the material was subject to a Clawback Demand. The Receiving Party also shall not assert that its return or destruction of the Protected Material has caused it to suffer prejudice. The Receiving Party is not subject to the directives set forth in paragraph 7 until the Court resolves the Receiving Party's motion, at which time the Court's decision shall govern the treatment of the disputed documents and/or information. The Receiving Party is enjoined from using in any manner the disputed Protected Material, including any work product, analysis, memoranda, or notes reflecting the content of such produced Protected Material that were generated by the Receiving Party (and/or Receiving Party's consultants, experts, and/or agents) based upon such Protected Material (aside from the motion as limited in this paragraph), until the motion is resolved.

***Rights, Limitations and Objections Related to this Stipulation and Order***

9. Nothing in this Stipulation and Order is intended to or shall prevent, limit, or restrict the Parties' right to conduct a full review of and apply redactions to, if applicable, documents and related information (including metadata) for responsiveness, privilege, personally identifiable information, and/or protected information prior to production and/or disclosure.

10. Nothing in this Stipulation and Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

11. Nothing in this Stipulation and Order shall operate as an admission by the Parties that any particular document or information is or is not responsive, privileged, reflective of personally identifiable information, and/or admissible in this Action.

12. Nothing in this Stipulation and Order will prevent, limit, or restrict the Parties in any way from objecting to or asserting an immunity or privilege in any prior or subsequent litigation with respect to any material produced in this Action.

13. This Stipulation and Order may be changed only by further agreement of the Parties in writing or by Order of the Court and is without prejudice to the right of any Party, in good faith, to seek modification of this Stipulation and Order by application to the Court on notice to the other Party.

[Signature page to follow]

**STIPULATED TO:**

Dated: April 17, 2021
New York, New York

*Emanuel Kataev, Esq.*
~~Jamie S. Felsen~~, Esq.
*Attorney for Plaintiffs*

Emanuel Kataev ~~Jamie S. Felsen~~, Esq.
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
Tel: (516) 328-8899
Fax: (516) 328-0082

Dated: April 6, 2021
New York, New York

LETITIA JAMES
Attorney General of the State of New York
*Attorney for State Defendants*
By:

Maryam Jazini Dorcheh
Erin McAlister
Assistant Attorneys General
28 Liberty Street, 17th Floor
New York, New York 10005
Tel. (212) 416-6287
Fax. (212) 416-6009

Dated: April 7, 2021
JAMES E. JOHNSON
Corporation Counsel of the City of New York *Attorney for Mayor de Blasio*
100 Church Street, Room 5-153 New York, New York 10007 (212) 356-2190
By:

Rachel K. Moston
Edward L. Murray
Assistant Corporation Counsels

**SO ORDERED:**

Dated: Brooklyn, New York

_____

*/s/ Sanket J. Bulsara* April 20, 2021
_____
Magistrate Judge Sanket Bulsara

- 7 -