UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

− − − − − − − − − − − − − − − − − − − − − − − − − − X

**PLAZA MOTORS OF BROOKLYN, INC. d/b/a PLAZA HONDA, PLAZA AUTOMOTIVE, LTD. d/b/a PLAZA KIA, CRYSTAL BAY IMPORTS LTD. d/b/a ACURA OF BROOKLYN, PLAZA OLDSMOBILE, LTD. d/b/a PLAZA TOYOTA, PLAZA HYUNDAI, LTD, d/b/a PLAZA HYUNDAI, AND CRYSTAL MOTORS OF BAYSIDE, LTD d/b/a PLAZA AUTO LEASING,**

Case No.: 1:20-cv-4851 (WFK) (SJB)

Plaintiff,

- against -

**ANDREW M. CUOMO,** Governor of the State of New York, in his official capacity,

**BILL DE BLASIO,** Mayor of the City of New York, in his official capacity, and

**EMPIRE STATE DEVELOPMENT CORPORATION,**

Defendants.

− − − − − − − − − − − − − − − − − − − − − − − − − − X

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THIS ACTION AS MOOT PURSUANT TO RULE 12(h)(3)

**MILMAN LABUDA LAW GROUP PLLC**
Jamie S. Felsen, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY  11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

I.    <u>PRELIMINARY STATEMENT</u> ....................................................................................1

II.   <u>FACTUAL & PROCEDURAL BACKGROUND</u> ...................................................2

III.  <u>LEGAL STANDARD</u> .............................................................................................2

IV.   <u>ARGUMENT</u> .........................................................................................................4

    A.  Defendants' Motion Must be Considered a Motion for Reconsideration..............4

    B.  Even Under Defendants' Standard, Their Motion Must be Denied ......................6

    C.  Plaintiffs' Redress Against the State in the Form of Attorneys' Fees
        Keeps this Case Live Against the State; Plaintiffs Should be Permitted to
        Amend the Complaint to Name Cuomo and Seek Monetary Damages
        from him in his Personal Capacity ........................................................................9

    D.   Plaintiffs Redress Against the City for Damages Keeps this Case Live..............11

V.    **CONCLUSION** ....................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

Alden v. Maine,
       527 U.S. 706 (1999) ................................................................................... 13

Alfandary v. Nikko Asset Mgmt. Co.,
       No. 17-CIV.-5137 (LAP), 2019 WL 2525414 (S.D.N.Y. June 19, 2019) ......................... 6

Already, LLC v. Nike, Inc.,
       568 U.S. 85 (2013) ...................................................................................... 8

American Freedom Def. Initiative v. Metro. Transp. Auth.,
       815 F.3d 105 (2d Cir. 2016) .......................................................................... 9

Amnesty Am. v. Town of W. Hartford,
       361 F.3d 113 (2d Cir. 2004) .......................................................................... 12

Associated Press v. U.S. Dep't of Def.,
       395 F. Supp. 2d 17 (S.D.N.Y. 2005) ................................................................ 6

Blum v. Stenson,
       465 U.S. 886 (1984) ................................................................................... 13

Bryant v. Steele,
       25 F.Supp.3d 233 (E.D.N.Y.2014) ............................................................... 4 n. 1

Church of Scientology of California v. U.S.,
       506 U.S. 9 (1992) ....................................................................................... 7

City News & Novelty, Inc. v. City of Waukesha,
       531 U.S. 278 (2001) ................................................................................... 8

City of Houston v. Dep't of Hous. & Urban Dev.,
       24 F.3d 1421 (D.C. Cir. 1994) ...................................................................... 10

Connick v. Thompson,
       563 U.S. 51 (2011) ..................................................................................... 11

Cook v. Colgate Univ.,
       992 F.2d 17 (2d Cir. 1993) ............................................................................ 3

County of Los Angeles v. Davis,
       440 U.S. 625 (1979) ................................................................................... 9

Del Monte Fresh Produce Co. v. United States,
    570 F.3d 316 (D.C. Cir. 2009) ...................................................................... 4, 10

Doe v. Sullivan,
    938 F.2d 1370 (D.C. Cir. 1991) ......................................................................... 4

E.I. Dupont DeNemours & Co. v. Invista B.V. & Invista S.A.R.L.,
    473 F.3d 44 (2d Cir. 2006) .................................................................................. 9

Estate of M.D. by DeCosmo v. New York,
    241 F. Supp. 3d 413 (S.D.N.Y. 2017) .............................................................. 11

Fishman v. Daines,
    743 F. Supp. 2d 127 (E.D.N.Y. 2010) .............................................................. 13

Fogel v. Chestnutt,
    668 F.2d 100 (2d Cir. 1981) ............................................................................... 6

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,
    528 U.S. 167 (2000) ........................................................................................... 8

Ge Dandong v. Pinnacle Performance Ltd.,
    966 F. Supp. 2d 374 (S.D.N.Y. 2013) ............................................................... 6

Hayden v. Cnty. of Nassau,
    180 F.3d 42 (2d Cir. 1999) ............................................................................... 14

Hernandez v. United States,
    939 F.3d 191 (2d Cir. Sept. 17, 2019) ............................................................. 11

Honig v. Doe,
    484 U.S. 305 (1988) ........................................................................................... 4

Hu v. City of New York,
    927 F.3d 81 (2d Cir. 2019) ............................................................................... 11

In re Zarnel,
    619 F.3d 156 (2d Cir. 2010) ............................................................................... 7

Kentucky v. Graham,
    473 U.S. 159 (1985) ......................................................................................... 13

Knaust v. City of Kingston,
    157 F.3d 86 (2d Cir. 1998) ................................................................................. 3

iv

Lamar Advertising of Penn, LLC v. Town of Orchard Park, New York,
    356 F.3d 365 (2d Cir. 2004).................................................................. 9

Libertarian Party of Erie Cty. v. Cuomo,
    970 F.3d 106 (2d Cir. 2020).................................................................. 3

Lujan v. Defs. of Wildlife,
    504 U.S. 555 (1992).............................................................................. 3

McMorris v. Carlos Lopez & Associates, LLC,
    995 F.3d 295 (2d Cir. 2021).................................................................. 3

Mhany Mgmt., Inc. v. County of Nassau,
    819 F.3d 581 (2d Cir. 2016).................................................................. 9

Monell v. Dep't of Social Servs.,
    436 U.S. 658 (1978)............................................................................ 11

Montero v. City of Yonkers, New York,
    890 F.3d 386 (2d Cir. 2018)......................................................... 11, 12

Morrison v. Nat'l Australia Bank Ltd.,
    547 F.3d 167 (2d Cir. 2008)........................................................... 4 n. 1

Porrazo v. Bumble Bee Foods LLC,
    822 F. Supp. 2d 406 (S.D.N.Y. 2011).................................................. 7

Princeton Univ. v. Schmid,
    455 U.S. 100 (1982).............................................................................. 8

Ralls Corp. v. Comm. on Foreign Inv. in U.S.,
    758 F.3d 296 (D.C. Cir. 2014).............................................................. 4

Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet,
    260 F.3d 114 (2d Cir. 2001).................................................................. 7

Spencer v. Kemna,
    523 U.S. 1 (1998).................................................................................. 8

Super Tire Engineering v. McCorkle,
    416 U.S. 115 (1974)............................................................................ 10

Tancredi v. Metro. Life Ins. Co.,
    378 F.3d 220 (2d Cir. 2004)................................................................ 13

v

Thole v. U.S. Bank N.A.,
     140 S. Ct. 1615 (2020) .................................................................................. 3

United States v. Sanchez-Gomez,
     138 S. Ct. 1532 (2018) .................................................................................. 4

Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.,
     No. 01-CIV.-7677 (SAS), 2003 WL 21058105 (S.D.N.Y. May 9, 2003) ........................ 6

Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C.,
     370 F.3d 259 (2d Cir. 2004) ........................................................................... 6

Virgin Atl. Airways, Ltd. v. National Mediation Bd.,
     956 F.2d 1245 (2d Cir. 1992) .......................................................................... 6

Weinstein v. Bradford,
     423 U.S. 147 (1975) ................................................................................. 2, 4

Wright v. Cayan,
     817 F.2d 999 (2d Cir. 1987) ........................................................................... 6

Ying Jing Gan v. City of New York,
     996 F.2d 522 (2d Cir. 1993) ...................................................................... 13-14

**Constitutional Authority**

U.S. Const. Art. III ......................................................................................... 3

U.S. Const. amend. XI ................................................................................ 9, 10

**Statutes**

42 U.S.C. § 1983 ......................................................................................... 11

42 U.S.C. § 1988 ......................................................................................... 13

**Rules**

Fed. R. Civ. P. 12 ...................................................................................... 1, 3

Fed. R. Civ. P. 15 ................................................................................... 2, 3, 14

Fed. R. Evid. 201 ......................................................................................... 7

**Executive Orders**

Executive Order No. 202.68 (2020)........................................................................ *passim*

**Other Sources**

Cluster      Action      Initiative      Announcement,      https://www.cdc.gov/coronavirus/2019-
    ncov/variants/delta-variant.html....................................................................................5, 10

Failure by Local Governments to Adhere to Order and Enforce Public Health Regulations Can
    Result in Penalties of up to $10,000 per Day" at https://www.governor.ny.gov/news/governor-
    cuomo-directs-doh-commissioner-issue-section-16-order-covid-19-hot-spot-local........ ........ 12

Gov. Cuomo Warns NYC Leaders to Step Up Mask and Social Distancing Enforcement, Could
    Hit City With $10,000 Fine, https://newyork.cbslocal.com/2020/10/03/nyc-covid-19-cluster-
    enforcement/ .......................................................................................................................... 12

NYC Issued Over $170K in Fines on First Weekend of New Lockdown,
    https://www.ny1.com/nyc/all-boroughs/coronavirus/2020/10/12/nyc-issued--150k-in-fines-on-
    first-weekend-of-new-lockdown- .......................................................................................... 12

## PRELIMINARY STATEMENT

Plaintiffs Plaza Motors of Brooklyn, Inc. d/b/a Plaza Honda, Plaza Automotive, Ltd. d/b/a Plaza Kia, Crystal Bay Imports, Ltd. d/b/a Acura of Brooklyn, Plaza Oldsmobile, Ltd. d/b/a Plaza Toyota, Plaza Hyundai, Ltd, d/b/a Plaza Hyundai, and Crystal Motors of Bayside, Ltd d/b/a Plaza Auto Leasing, (hereinafter the "Plaintiffs" or the "Dealerships") submit this memorandum of law in opposition to the second motion to dismiss the complaint filed by Defendants Andrew M. Cuomo ("Cuomo"), Empire State Development Corporation ("ESD") (Cuomo and ESD collectively hereinafter the "State"), and Bill de Blasio ("de Blasio" or the "City") (the State and the City collectively hereinafter the "Defendants").

This is the second time Defendants have moved to dismiss the Complaint based on mootness. On the prior occasion, this Court denied Defendants' motion, finding that the case presented issues "capable of repetition, yet evading review." The Court should do the same here and deny Defendants' motion for reconsideration in disguise, because there has been no substantial intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Defendants argue that there is no live case or controversy because the State has decided, at its whim, to rescind Executive Order ("EO") 202.68. However, with the rising concerns over the Delta variant and its significant transmission of COVID-19, even to vaccinated individuals, Plaintiffs respectfully submit that the government action complained of is a flick of the pen away from being reinstated. Defendants' motion to dismiss pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") must be denied because Defendants maintain the power to reenact the laws complained of in substantially similar fashion without providing Plaintiffs any proper redress for same except having to start at square one of the instant litigation.

Even if this Court finds that the rescission of EO 202.68 does not render the State and the City capable of repeating their unconstitutional conduct, yet evading review (which it should not), there remains a live controversy as to whether Plaintiffs may obtain damages against the City and the State for enacting and enforcing EO 202.68.  As set forth further below, Plaintiffs may recover monetary damages from the City, which does not enjoy protection under the Eleventh Amendment, as well as attorneys' fees from the State as a prevailing party in this case.

Accordingly, Defendants' motion to dismiss must be denied.

## FACTUAL & PROCEDURAL BACKGROUND

On October 8, 2020, Plaintiffs commenced this action against Defendants and sought a temporary restraining Order and preliminary injunction.  See Docket Entry 1.

The following day, this Court denied Plaintiffs' motion for a temporary restraining Order and scheduled a hearing for October 22, 2020.  See Docket Entry 13.  On October 16, 2020, Plaintiffs amended their complaint as of right pursuant to Rule 15(a)(1)(A).

On November 6, 2020, Defendant Cuomo announced updated red zones and Defendants submitted a letter to the Court on November 10, 2020 stating that Plaintiffs were no longer in the red zone and thus argued that this case became moot.  See Docket Entry 36.  Plaintiffs responded by letter the same day arguing, once again, that no mootness implications apply and that this case remains justiciable.  See Docket Entry 37.

On January 22, 2021, this Court issued an Order concerning Plaintiffs' motion for a preliminary injunction, in which it agreed with Plaintiffs that their motion presents an issue "capable of repetition, yet evading review." See Docket Entry 53 at 4 n. 1 (citing Weinstein v. Bradford, 423 U.S. 147, 149 (1975)).

2

On February 5, 2021, Plaintiffs filed a letter motion seeking leave to file a second amended complaint pursuant to Rule 15.  See Docket Entry 55.  This motion remains *sub judice*.

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and as such may not adjudicate matters that fall outside their subject matter jurisdiction.  See McMorris v. Carlos Lopez & Associates, LLC, 995 F.3d 295 (2d Cir. 2021); see also Fed. R. Civ. P. 12(h)(3).

To bring a case or controversy within the subject matter jurisdiction of federal courts, a plaintiff must have standing under Article III of the Constitution, which requires "a 'personal stake' in the outcome 'throughout the life of the lawsuit.'" See Libertarian Party of Erie Cty. v. Cuomo, 970 F.3d 106, 121 (2d Cir. 2020) (quoting Cook v. Colgate Univ., 992 F.2d 17, 19 (2d Cir. 1993)).  To establish standing, "a plaintiff must demonstrate: (i) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was caused by the defendant; and (iii) that the injury would likely be redressed by the requested judicial relief." See Thole v. U.S. Bank N.A., 140 S. Ct. 1615, 1618 (2020); accord McMorris, 995 F.3d at 299-300. "The party invoking federal jurisdiction bears the burden of establishing" each element of standing, which "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation." See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992).

However, an otherwise moot issue may still be justiciable if the underlying dispute is "capable of repetition, yet evading review." See Knaust v. City of Kingston, 157 F.3d 86, 88 (2d Cir. 1998) (quotation marks omitted).

3

A controversy is "capable of repetition, yet evading review" when both of the following two elements are met: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." See Weinstein, 423 U.S. at 149 (*per curiam*); see also United States v. Sanchez-Gomez, 138 S. Ct. 1532, 1540 (2018) (internal quotation marks omitted).

It is not necessary that the same "precise historical facts that spawned plaintiff's claims" recur; rather, "the legal wrong complained of by the plaintiff" must be "reasonably likely to occur." See Ralls Corp. v. Comm. on Foreign Inv. in U.S., 758 F.3d 296, 324 (D.C. Cir. 2014) (quoting Del Monte Fresh Produce Co. v. United States, 570 F.3d 316, 324 (D.C. Cir. 2009)). This requirement should not "be applied with excessive stringency" — "a controversy need only be capable of repetition, not more probable than not." Id. (internal quotation marks omitted) (quoting Honig v. Doe, 484 U.S. 305, 318 n.6 (1988)). "[A] controversy is capable of repetition even if its recurrence is far from certain." Id. (citing Doe v. Sullivan, 938 F.2d 1370 (D.C. Cir. 1991)).

This Court previously held in this matter on January 22, 2021 that, considering the evolving nature of the pandemic, particularly the fact the world is currently experiencing another "wave," the Court finds the requirements for this exception are satisfied.  See Docket Entry 53.

The pandemic continues to evolve and is far from over as the recent Delta variant has made abundantly clear.  Indeed, according to the CDC:

- the Delta variant causes more infections and spreads faster than early forms of SARS-CoV-2;
- The Delta variant is highly contagious, more than 2x as contagious as previous variants; and
- Some data suggest the Delta variant might cause more severe illness than previous strains in unvaccinated persons

See https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html.[1]

Simply stated, the pandemic is far from over and death rates are steadily rising again. Plaintiffs could easily find themselves again located in a "red zone" and subject to the restrictions of EO 202.68, or its successor. In that regard, Defendants' actions in issuing edicts that have no scientific basis and which affect Plaintiffs in their business against their constitutional rights are capable of repetition.

For these reasons, and as more fully set forth below, Defendants' motion must be denied.

<strong><u>ARGUMENT</u></strong>

### A.  Defendants' Motion Must be Considered a Motion for Reconsideration

As the Defendants concede in their papers, they previously argued this case was moot and this Court rejected that argument. See Docket Entries 36-37, 53.

The State now argues that because EO 202.68 has been rescinded, the issues presented in this case are moot and gives them the right to seek the instant relief once more.[2] At best, the State's motion can only be considered a motion for reconsideration, which must be rejected because it includes the same arguments Defendants previously made, i.e., that Plaintiffs are no longer placed in the red zone.[3]

---

[1] In considering a motion to dismiss for lack of subject matter jurisdiction and although courts must accept as true all material factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, see Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir.2008), district courts may look beyond the allegations of the complaint and "examine evidence outside of the pleadings." See Bryant v. Steele, 25 F.Supp.3d 233, 241 (E.D.N.Y.2014).

[2] The Defendants maintain the right to make new Executive Orders and laws substantially similar to the ones complained of herein. Further, as set forth below, Plaintiffs are entitled to damages caused by the enactment and enforcement of EO 202.68.

[3] As previously argued by Plaintiffs and accepted by this Court, this case presents issues capable of repetition, yet evading review.

5

Defendants fail to meet the doubly demanding burden they face because the instant motion is, in actuality, a motion for reconsideration of this Court's January 22, 2021 ruling on their original mootness argument.  Indeed, the relief sought by the State here must be "treated as a motion for reconsideration" as it seeks to "modify" a prior order of the Court, whether or not the party chooses to "style" the request as such.  See Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co., No. 01-CIV.-7677 (SAS), 2003 WL 21058105, at *1 n.2 (S.D.N.Y. May 9, 2003), aff'd in part, rev'd and remanded in part on other grounds sub nom. Universal Acupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C., 370 F.3d 259 (2d Cir. 2004).

"Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." See Alfandary v. Nikko Asset Mgmt. Co., No. 17-CIV.-5137 (LAP), 2019 WL 2525414, at *2 (S.D.N.Y. June 19, 2019) (citation omitted). Likewise, the law-of-the-case doctrine "dictates a general practice of refusing to reopen what has been decided." See Wright v. Cayan, 817 F.2d 999, 1002 n.3 (2d Cir. 1987); see also Ge Dandong v. Pinnacle Performance Ltd., 966 F. Supp. 2d 374, 385-87 (S.D.N.Y. 2013).

Crucially, under these doctrines, Defendants may not succeed by "making new arguments that could have been previously advanced." See Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); accord Fogel v. Chestnutt, 668 F.2d 100, 109 (2d Cir. 1981). Rather, Defendants must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." See Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (applying law of the case) (citation omitted) (emphasis added).

Here, the Defendants have already argued mootness and lost.  There is no new evidence, and Defendants cannot establish any need to correct a clear error or prevent manifest injustice.

6

While the repeal of EO 202.68 may constitute an intervening change of controlling law, the fact remains that the Defendants retain the power to draw lines on the map and reestablish a substantially similar law and it is likely they will given there is no end in sight to end the pandemic.

Crucially, their argument now is identical to that made in the prior motion – that Plaintiffs are no longer in a red zone and the issue is therefore moot.  This Court previously rejected Defendants' argument on the ground that Plaintiffs could easily find themselves again subject to restrictions imposed by the government.

Accordingly, Defendants' motion for reconsideration in disguise must be denied.

**B.  Even Under Defendants' Standard, Their Motion Must be Denied**

A case is moot when "an event occurs while a case is pending ... that makes it impossible for the Court to grant any effectual relief whatever to a prevailing party." See Church of Scientology of California v. U.S., 506 U.S. 9, 12 (1992) (internal quotation omitted).   The Court "may take judicial notice of publicly available documents" for the purpose of evaluating whether the Court possesses jurisdiction.  See Porrazo v. Bumble Bee Foods LLC, 822 F. Supp. 2d 406, 411-412 (S.D.N.Y. 2011); see also Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned ... at any stage of the proceeding").

The mootness doctrine is derived from the Article III requirement that federal courts may decide only live cases or controversies. See In re Zarnel, 619 F.3d 156, 162 (2d Cir. 2010); see also Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet, 260 F.3d 114, 118 (2d Cir. 2001).

To satisfy the requirement of a case or controversy, "the plaintiff must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal quotation omitted). When the injury dissipates, a case has "lost its character as a present, live controversy of the kind that must exist if [the court is] to avoid advisory opinions on abstract questions of law." See Princeton Univ. v. Schmid, 455 U.S. 100, 103 (1982) (internal quotation omitted).  The Supreme Court has thus described mootness as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189–90 (2000) (internal quotation marks omitted) ("Laidlaw").

The voluntary-cessation exception to mootness recognizes that "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." See Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013).

"Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." Id. Given this potential for abuse, a defendant "claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." See Laidlaw, 528 U.S. at 190. At bottom, the "rule traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." See City News & Novelty, Inc. v. City of Waukesha, 531 U.S. 278, 284 n.1 (2001).

The doctrine "aims to eliminate the incentive for a defendant to strategically alter its conduct in order to prevent or undo a ruling adverse to its interest." See E.I. Dupont DeNemours & Co. v. Invista B.V. & Invista S.A.R.L., 473 F.3d 44, 47 (2d Cir. 2006).

Courts will find a case moot after voluntary cessation of challenged conduct where "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." See American Freedom Def. Initiative v. Metro. Transp. Auth., 815 F.3d 105, 109 (2d Cir. 2016) (internal quotation marks omitted) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).  Moreover, courts have found that the voluntary-cessation doctrine applies where "suspicious timing and circumstances pervade" a defendant's decision to end the purportedly unlawful conduct. See Mhany Mgmt., Inc. v. County of Nassau, 819 F.3d 581, 604 (2d Cir. 2016).

Here, there exists a live controversy over the government's power to arbitrarily declare certain geographical areas must comply with more stringent requirements than others.

The existence of the Delta variant of the COVID-19 virus, of which Plaintiffs request this Court take judicial notice, rears its ugly head as the basis for the Defendants to impose once more substantially similar restrictions as those challenged here.  Indeed, while "government actors enjoy a rebuttable presumption that the objectionable behavior will not recur," see Lamar Advertising of Penn, LLC v. Town of Orchard Park, New York, 356 F.3d 365, 376 (2d Cir. 2004) ("Where, as here, the defendant is a government entity, some deference must be accorded to [its] representation that certain conduct has been discontinued"), any such presumption is easily rebutted upon this Court's taking judicial notice of the rising number of COVID-19 cases and the resultant reintroduction of rules and mandates by the government in responding to same.

9

In particular, according to the CDC:

- the Delta variant causes more infections and spreads faster than early forms of SARS-CoV-2;

- The Delta variant is highly contagious, more than 2x as contagious as previous variants; and

- Some data suggest the Delta variant might cause more severe illness than previous strains in unvaccinated persons

See https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html

Further, Defendants fail to meet the stringent requirements to establish the exception to the voluntary cessation doctrine applies in that no event has completely and irrevocably eradicated the effects of the alleged violation.  Indeed, the government has failed to show that it truly has no power to reimpose the restrictions complained of here.

Finally, "a plaintiff's challenge will not be moot where it seeks declaratory relief as to an ongoing policy." See Del Monte Fresh Produce Co., 570 F.3d at 321 (citing City of Houston v. Dep't of Hous. & Urban Dev., 24 F.3d 1421, 1429 (D.C. Cir. 1994)). In Super Tire Engineering v. McCorkle, for example, the Supreme Court held that although a claim for injunctive relief preventing payment of welfare benefits during a strike was moot because the strike had ended, the employers' request for declaratory relief was not moot because the state's ongoing policy of paying strike benefits was, according to the employers, "immediately and directly injurious to the [employers'] economic positions." See 416 U.S. 115, 125 (1974).

Here, Plaintiffs seek declaratory relief that the Defendants may not arbitrarily require automobile dealerships (as opposed to other businesses) to operate on a limited basis in the event of a public health emergency.

Whether the Defendants achieve this objective by and through EO 202.68 or any other law, Plaintiffs are entitled to a determination on the government's ongoing policy of cherry-picking the winners and losers of the COVID-19 economic climate.

Accordingly, Defendants' motion to dismiss this case as moot must be denied.

## C.  Plaintiffs Redress Against the City for Damages Keeps this Case Live

The case is not moot as Plaintiffs seek damages for their injuries as the result of EO 202.68.

"States are protected by the Eleventh Amendment while municipalities are not ... and ... [the] holding in Monell [was limited] to local government units which are not considered part of the State for Eleventh Amendment purposes." See Estate of M.D. by DeCosmo v. New York, 241 F. Supp. 3d 413, 422 (S.D.N.Y. 2017).

"To bring a [§] 1983 lawsuit for municipal liability, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." See Hu v. City of New York, 927 F.3d 81, 104 (2d Cir. 2019); see also Monell v. Dep't of Social Servs., 436 U.S. 658, 694-95 (1978). A municipality may be held liable "if the plaintiff's injury was caused by 'action pursuant to official municipal policy.' 'Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.'" See Hernandez v. United States, 939 F.3d 191, 206 (2d Cir. Sept. 17, 2019) (internal citations omitted) (quoting Connick v. Thompson, 563 U.S. 51, 60-61 (2011)).  "Although 'official policy' often refers to formal rules or customs that intentionally establish 'fixed plans of action' over a period of time, when a municipality 'chooses a course of action tailored to a particular situation,' this may also 'represent[ ] an act of official government 'policy' as that term is commonly understood.' " See Montero v. City of Yonkers, New York, 890 F.3d 386, 403 (2d Cir. 2018) (considering a narrow policy and practice of

retaliation against the plaintiff but affirming dismissal where the complaint did not allege that the retaliatory acts had been initiated by a policymaking official).  "'[E]ven a single action by a decisionmaker who 'possesses final authority to establish municipal policy with respect to the action ordered' may deprive the plaintiff of his or her constitutional rights." Id. (quoting Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004)).

Here, Mayor de Blasio unquestionably enforced EO 202.68.  See "Failure by Local Governments to Adhere to Order and Enforce Public Health Regulations Can Result in Penalties of up to $10,000 per Day" at https://www.governor.ny.gov/news/governor-cuomo-directs-doh-commissioner-issue-section-16-order-covid-19-hot-spot-local (last visited January 21, 2021); see also https://newyork.cbslocal.com/2020/10/03/nyc-covid-19-cluster-enforcement/ (Gov. Cuomo Warns NYC Leaders to Step Up Mask and Social Distancing Enforcement, Could Hit City With $10,000 Fine, reporting the that governor said he's going to enforce Section 16 of the health law, which will allow him to fine the city $10,000 for violations) (last visited January 21, 2021). Defendant Cuomo specifically stated "[i]f the local governments don't step up the compliance, they will actually be in violation of the law and they can be fined." Id.  In response, the City of New York complied and engaged in enforcement.  See https://www.ny1.com/nyc/all-boroughs/coronavirus/2020/10/12/nyc-issued--150k-in-fines-on-first-weekend-of-new-lockdown- ("The city issued over $170,000 in fines from Friday to Sunday afternoon for violations of the state's new restrictions in coronavirus hot spots, according to officials").

As such, Mayor de Blasio has acted in the manner required under official municipal policy such that Plaintiffs are entitled to monetary damages for injuries Plaintiffs suffered as the result of EO 202.68.  Therefore, this case is not moot.

12

**D. Plaintiffs' Redress Against the State in the Form of Attorneys' Fees Keeps this Case Live Against the State; Plaintiffs Should be Permitted to Amend the Complaint to Name Cuomo and Seek Monetary Damages from him in his Personal Capacity**

The State argues that the Eleventh Amendment bars suit against it for money damages. However, courts have authority to grant reasonable attorneys' fees to prevailing parties under 42 U.S.C. § 1988. See Blum v. Stenson, 465 U.S. 886, 888 (1984) ("[I]n federal civil rights actions 'the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs'") (quoting 42 U.S.C. § 1988)); see also Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004).

Courts have held that the potential for a monetary award in the form of attorneys' fees does not implicate the Eleventh Amendment. See Fishman v. Daines, 743 F. Supp. 2d 127, 138 (E.D.N.Y. 2010) (Bianco, J.) (citing Kentucky v. Graham, 473 U.S. 159, 170-71 (1985)).

Here, as set forth in the complaint, Plaintiffs seek, *inter alia*, attorneys' fees pursuant to 42 U.S.C. § 1988. The constitutional violations therein must be decided on the merits such that Plaintiffs may recover from the State attorneys' fees upon establishing a constitutional violation occurred. Thus, at a minimum, there remains an issue as to whether Plaintiffs are entitled to damages in the form of attorneys' fees against the State. Accordingly, the Eleventh Amendment does not preclude the relief Plaintiffs seek nor does it warrant dismissal of the complaint against the State. Further, although the Eleventh Amendment bars money damages against state officials in their official capacities (except for attorneys' fees as a prevailing party), it does not bar "a suit against a state officer in his [or her] individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself [or herself], so long as the relief is sought not from the state treasury but from the officer personally" for monetary damages. See Alden v. Maine, 527 U.S. 706, 757 (1999); see also Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir.

1993) (state official does not have Eleventh Amendment immunity as to claim brought against him in his individual capacity).

Plaintiffs hereby cross-move for relief against Defendants Cuomo and de Blasio in their personal capacities.  Both Cuomo and de Blasio engaged in establishing and/or enforcing EO 202.68 and both the Second Circuit and the Supreme Court of the United States have found the same to be unconstitutional, as this Court should here.

Because this unconstitutional and wrongful conduct is attributable to Cuomo and de Blasio, Plaintiffs must be granted leave to amend the complaint to pursue their claims against each in their individual capacity.  The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." See Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

Here, in the event Plaintiffs' claims are dismissed (which they should not be), Plaintiffs respectfully request leave to amend the complaint.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully submit that Defendants' motion must be denied.

14

Dated: Lake Success, New York
     August 20, 2021

**MILMAN LABUDA LAW GROUP PLLC**

     /s/

Jamie S. Felsen, Esq.
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY  11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
jamiefelsen@mllaborlaw.com
emanuel@mllaborlaw.com

*Attorneys for Plaintiffs*

15