UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PLAZA MOTORS OF BROOKLYN, INC., *et al.*,

          Plaintiffs,

          v.

ANDREW M. CUOMO, BILL DE BLASIO, and
EMPIRE STATE DEVELOPMENT
CORPORATION,

          Defendants.
------------------------------------------------------------------X

**DECISION & ORDER**
20-CV-4851(WFK) (SJB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On October 8, 2020, Plaintiffs Plaza Motors of Brooklyn, Inc. d/b/a Plaza Honda, Plaza Automotive, Ltd. d/b/a Plaza Kia, Crystal Bay Imports Ltd. d/b/a Acura of Brooklyn, Plaza Oldsmobile, Ltd. d/b/a Plaza Toyota, Plaza Hyundai, Ltd. d/b/a Plaza Hyundai, and Crystal Motors of Bayside, Ltd. d/b/a Plaza Auto Leasing (collectively, "Plaintiffs") filed this action against Andrew Cuomo, in his official capacity as the Governor of the State of New York, the Empire State Development Corporation ("ESD," and collectively with Governor Cuomo, the "State Defendants"), and Bill de Blasio, in his official capacity as the Mayor of the City of New York (collectively with the State Defendants, "Defendants"). ECF No. 1. On October 16, 2020, Plaintiffs filed their First Amended Complaint. ECF No. 17. On January 22, 2021, this Court denied Plaintiffs' motion for a preliminary injunction. ECF No. 53. Pending before this Court is (1) Plaintiffs' motion to file a second amended complaint, ECF No. 55; (2) Defendants' motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), ECF Nos. 58, 61; and (3) Defendants' motions to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), ECF Nos. 77, 80. For the reasons set forth below, Defendants' motions to dismiss for lack of subject matter jurisdiction are GRANTED; Defendants' motions to dismiss for failure to state a claim are DENIED as moot; and Plaintiffs' motion to amend is DENIED.

## BACKGROUND

On October 6, 2020, in response to the COVID-19 pandemic, Governor Cuomo issued Executive Order ("EO") 202.68. *See* N.Y.S. Exec. Order 202.68 (Oct. 6, 2020) available at https://www.governor.ny.gov/sites/default/files/atoms/files/EO202.68.pdf. Under EO 202.68, the New York State Department of Health ("DOH") was directed to determine areas in the State

1

that required enhanced public health restrictions based upon clusters of COVID-19 cases. *Id.* Executive Order 202.68 established three zone classifications and set forth different restrictions for each zone. The red zone, which is the subject of this litigation, had the highest COVID-19 positivity rate and was thus subject to the greatest restrictions. Under EO 202.68, certain essential businesses in the red zones were permitted to remain open, subject to restrictions on in-person workforce, while all non-essential businesses were required to close temporarily.

As is relevant here, automobile dealerships located in red zones were deemed "essential services." *See* NYS Guidance for Determining Whether a Business Enterprise is Subject to a Workforce Reduction Under Recent Executive Orders (Oct. 23, 2020) available at https://esd.ny.gov/guidance-executive-order-2026. As "essential services," automobile dealerships, like Plaintiffs' businesses, could conduct sales "remotely or electronically, with in-person vehicle showing, return, and delivery by appointment only." *Id*. They could also continue to conduct "auto repair and maintenance" in person. *Id.*

At the time Plaintiffs filed this lawsuit, their businesses were in a red zone. On November 6, 2020, approximately one month after EO 202.68 took effect, the State revised zone boundaries to reflect changes in COVID-19 positivity rates. *See* State Defendants' November 10, 2020 letter, ECF No. 36. Based on these revised boundaries, Plaintiffs' car dealerships were no longer in a "red zone." *Id.*

Nevertheless, on January 22, 2021, in this Court's Order denying Plaintiffs' motion for a preliminary injunction, this Court found the case was not moot because it presented an issue "capable of repetition, yet evading review." ECF No. 53, at n. 1. At that point, EO 202.86 was still in effect and Plaintiffs had just been reclassified to be in a "yellow zone" rather than a "red zone." The risk remained that Plaintiffs would soon be in a "red zone" again, should the

COVID-19 positivity rates rise. However, on May 6, 2021, the Governor issued EO 202.106, which completely rescinded EO 202.68's cluster zone restriction authority and on March 7, 2021, the Governor signed New York Senate Bill 5357, which modified the Governor's emergency powers and barred the unilateral issuance of new EOs implementing directives with the force of state law, such as EO 202.68. *See* NY LEGIS 71 (2021), 2021 Sess. Law News of N.Y. Ch. 71 (S. 5357) (McKinney's). Further, on June 24, 2021, the Governor announced the end of the COVID-19 state disaster emergency, rescinding all then-existing COVID-19-related EOs. As a result, the Governor can neither unilaterally issue new, legally binding EOs related to COVID-19, nor extend restrictions—like the ones challenged in this action—by extending old EOs, all of which have been rescinded.

Considering these developments, Defendants have moved to dismiss this case as moot pursuant to Federal Rule of Civil Procedure 12(b)(1). Prior to these changes in the legislative and public health landscape, Defendants moved to dismiss Plaintiffs' claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motions to dismiss for lack of subject matter jurisdiction, ECF Nos. 77 and 80, are GRANTED; Defendants' motions to dismiss for failure to state a claim are DENIED as moot, ECF Nos. 58 and 61; and Plaintiffs' motion to amend is DENIED, ECF No. 55.

## LEGAL STANDARD

### I. Motion to Dismiss for Lack of Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), defendants may move to dismiss for lack of subject matter jurisdiction when a matter has become moot and, therefore, no live case or controversy remains. "Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper when the district court lacks the statutory or constitutional power to adjudicate

3

it." *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam) (internal quotation marks and citation omitted). Under Article III of the U.S. Constitution, "[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (internal quotation marks and original alternations omitted). A "suit becomes moot, 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.' " *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 133 (2d Cir. 2000).

## II. Motion to Dismiss for Failure to State a Claim

To survive a motion to dismiss for failure to state a claim for which relief can be granted under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Cox v. Spirit Airlines*, 786 Fed. App'x. 283, 284–85 (2d Cir. Sept. 10, 2019) (summary order). A complaint must be dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

In considering a motion to dismiss, the Court must accept all the non-movant's factual allegations as true and draw all reasonable inferences in the non-movant's favor. *Id.* at 555; *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, the Court is

4

"not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). But a complaint should be dismissed only where it seems beyond doubt the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Jacobs v. Ramirez*, 400 F.3d 105, 106 (2d Cir. 2005) (internal citations omitted).

## DISCUSSION

Federal courts normally resolve questions of subject matter jurisdiction prior to reaching the merits of other possible grounds for dismissal. *Cantor Fitzgerald, L.P, v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996). Accordingly, this Court begins by addressing Defendants' motions to dismiss for lack of subject matter jurisdiction.

### I.  Plaintiffs' Claims are Moot Because the Challenged EO Has Been Rescinded

Plaintiffs' case is now moot because the EO 202.68 cluster zone restrictions they challenge have been completely rescinded and no longer pose any threat to Plaintiffs. Further, the challenged restrictions cannot be reinstated by another EO, as the state disaster emergency pursuant to which EO 202.68 was issued has ended, and the statutory authority by which the Governor can issue directives has likewise been repealed. This Court cannot grant the declaratory or injunctive relief sought by Plaintiffs—there is no executive order to enjoin or declare unconstitutional. *See Diffenderfer v. Central Baptist Church of Miami*, 404 U.S. 412, 414–15 (1972) (dismissing case as moot where it was "inappropriate" to grant declaratory relief concerning a repealed statute); *B.C. v. Colton-Pierrepont Cent. Sch. Dist.*, 357 F. App'x 366, 368 (2d Cir. 2009) (summary order) ("Because the Amendment effectively provides plaintiffs with precisely the relief sought in this litigation . . . plaintiffs no longer have a sufficient personal stake in the outcome of this case to permit us to retain jurisdiction.").

5

Moreover, while a demand for damages can in some circumstances prevent a case from becoming moot, here it does not. Because Plaintiffs have only named Governor Cuomo in his official capacity, their damages claims are plainly barred by Eleventh Amendment sovereign immunity. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 (1997) (holding "the claim for [nominal damages] [that] the Ninth Circuit found sufficient to overcome mootness was nonexistent" because "Section 1983 creates no remedy against a State"); *Will v. Michigan Dept of State Police*, 491 U.S. 58, 71(1989); *Huminski v. Corsones*, 396 F.3d 53, 70 (2d Cir. 2005) (holding a State or an official sued in his official capacity is not a "person" within the meaning of 42 U.S.C. § 1983).

To the extent Plaintiffs attempt to use their opposition brief to "cross-move for relief against Defendants Cuomo and De Blasio in their personal capacities," the cross-motions are dismissed. *See* Pl.'s Opp. to Def. Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 81 at 14. None of the actions alleged in the Amended Complaint relate to any actions by the former Governor taken in his individual capacity. *See Shekhem El-Bey v. N.Y.*, 464 F. Supp. 2d 329, 334 n.3 (S.D.N.Y. 2006) (Sprizzo, J.) ("Absent a single allegation that the individual defendants acted outside of the scope of their employment or were otherwise personally involved in the alleged violations . . . this Court must assume that plaintiff's claims against the individual defendants are viable only as official capacity claims.").

Thus, Plaintiffs no longer have any legally cognizable interest in the outcome of this case. Prospective relief is clearly moot because of the EO's recission and the Governor's lack of authority to reinstate it. Further, the Eleventh Amendment bars Plaintiffs' retrospective claims for declaratory relief and money damages against the State Defendants.

  A. <u>No Exception to the Mootness Doctrine Applies</u>

6

Additionally, no exception to the mootness doctrine applies here. Given the full rescission of EO 202.68, this case is not one of the "exceptional" cases that are "capable of repetition yet evade[] review." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). "A dispute qualifies for that exception only if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540 (2018) (internal quotation marks omitted). Here, the challenged restrictions under EO 202.68 were in place for seven and a half months, which provided Plaintiffs ample time to challenge them. Indeed, Plaintiffs fully litigated their motion for preliminary injunction months ago (without success). *See* ECF No. 53. The restrictions imposed by EO 202.68 were thus not so "inherently ephemeral" that they would necessarily have evaded judicial review. *See Orce v. N.L.R.B.*, 97-CV-4038, 1997 WL 829268, at *2 (2d Cir. Dec. 9, 1997) (summary order). Nor is there "a reasonable expectation" that the Governor will re-implement the same restrictions on the Plaintiffs, as the COVID-19 pandemic is markedly improved at this point in part due to effective and widely available vaccines. *See Spell v. Edwards*, 962 F.3d 175, 180 (5th Cir. 2020) (dismissing as moot challenge to expired stay-at-home order because it was "speculative, at best," whether future COVID conditions may warrant another such order).

Moreover, despite Plaintiffs' arguments, *Roman Catholic Diocese v. Cuomo*, 141 S. Ct. 63 (2020), and *Tandon v. Newsom*, 141 S. Ct. 1294 (2021), are not to the contrary. Unlike those cases, here Plaintiffs hardly remain under a "constant threat" that they will again be subject to the restrictions that they challenge because, again, those restrictions have been rescinded. Thus, the Supreme Court's reliance on the fact that an establishment moved from one zone to another

7

with less restrictions could find itself moved back to a more restrictive category if localized infection rates changed is inapposite here: there are no cluster zone restrictions now.  This is a substantial change that cannot be undone lightly.  *See, e.g.*, *Granite State Outdoor Advert., Inc. v. Town of Orange, Conn.*, 303 F.3d 450, 451–52 (2d Cir. 2002) (holding a challenge to a regulation is moot where "there is no reason to think that, having completely revised its regulations through proper procedures, the Town has any intention of returning to the prior regulatory regime").

Additionally, Plaintiffs clearly are not under a "constant threat" that the Governor would reimpose the challenged restrictions because the Governor no longer has the unilateral authority to issue a new directive.  *See* NY LEGIS 71 (2021), 2021 Sess. Law News of N.Y. Ch. 71 (S. 5357) (McKinney's) (modifying the Governor's emergency power and permitting him to extend or modify existing COVID-related restrictions, subject to certain provisions requiring notice and an opportunity for comment by the Legislature and affected municipalities).

B. Plaintiffs' Claims for Damages and Attorney's Fees Does Not Keep This Case Alive

Plaintiffs claim their demand for attorney's fees keeps this case alive.  However, "an interest in attorney fees does not create an Article III case or controversy where none exists on the merits." *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020); *see also Lamar Advertising of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 378 (2d Cir. 2004) ("The plaintiff's 'potential receipt of attorney's fees, were it to be a 'prevailing party, is in itself not enough to keep the controversy alive.'").  Accordingly, Plaintiffs' claim for attorney's fees does not save this action.

Plaintiffs also argue this case is not moot because they are still entitled to damages against the City.  *See* Pl. Opp. at 12.  This Court disagrees.  Plaintiffs do not allege that the City

8

issued any summonses to Plaintiffs' businesses. Thus, they lack standing to challenge the constitutional rights of third-party businesses that allegedly received summonses. *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citations omitted) (holding a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights and interests of third parties").

Further, Plaintiffs do not allege that the City enforced, or even threatened to enforce, EO 202.68 against Plaintiffs—and certainly not in any discriminatory manner. Assuming the City sought to enforce compliance with EO 202.68 by requiring car dealerships in red zones to conduct remote sales, while permitting car dealerships in any other zone to conduct in-person sales, the City would merely be carrying out state law, not acting pursuant to its own policy. *See, e,g., Vaher v. Town of Orangetown, N.Y.*, 133 F. Supp. 3d 574, 605–06 (S.D.N.Y. 2015) (Ramos, J.) ("[A] municipality cannot be held liable under *Monell* if it merely carries out a state law without any 'meaningful' or 'conscious' choice, because the municipality does not act pursuant to its own policy." (citing *Vives v. City of New York*, 524 F.3d 346, 351–53 (2d Cir. 2008)). Accordingly, Plaintiffs cannot recover damages against the City because they do not allege any actions taken by the City pursuant to EO 202.68.

In sum, Plaintiffs' claims are now moot. The controversy underlying this matter is over and this Court lacks jurisdiction. *Bos. Bit Labs, Inc. v. Baker*, 11 F.4th 3, 9 (1st Cir. 2021) (dismissing plaintiff's challenge to rescinded COVID-19 executive order as moot because "with the offending executive order wiped away, there is nothing harming [plaintiff] and thus nothing left for us to do that would make a difference to its legal interests").

## II. Defendants' Motion to Dismiss This Case on the Merits is Denied as Moot

Having found this Court lacks subject matter jurisdiction over Plaintiff's claims, this

9

Court hereby denies Defendants' motions to dismiss for failure to state a claim as moot. ECF Nos. 58, 61; *see, e.g., Viacom Int'l Inc. v. Armstrong Interactive, Inc.*, 18-CV-6117, 2019 WL 3890138, at *7 (S.D.N.Y. Aug. 19, 2019) (Buchwald, J.) (denying motion to dismiss for failure to state a claim as moot after granting defendants' motion to dismiss for lack of subject matter jurisdiction).

However, in an abundance of caution, this Court notes that had it retained subject matter jurisdiction over Plaintiff's claims, those claims would nonetheless have been dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth in its Decision & Order denying Plaintiffs' motion for a preliminary injunction. ECF No. 53.

### III.     Plaintiffs' Motion to Amend is Denied as Futile

Under the Federal Rules of Civil Procedure, leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts "ha[ve] broad discretion in determining whether to grant leave to amend." *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). Leave to amend may properly be denied in cases of "'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see Murdaugh v. City of N.Y.*, 10-CV-218, 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011) (Baer, J.) ("Although under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend complaints should be 'freely given,' leave to amend need not be granted where the proposed amendment is futile." (citations omitted)). Leave to amend may be denied as futile where the proposed amended pleading would not survive a motion to dismiss. *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("When the

plaintiff has submitted a proposed amended complaint, the district judge may review that pleading for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted."). This Court will not permit Plaintiffs to amend their complaint for a second time. Plaintiffs' proposed second amended complaint is fatally flawed for the same reasons as the First Amended Complaint and therefore, Plaintiff's motion for leave to amend is hereby DENIED as futile.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss Plaintiffs' claims as moot are hereby GRANTED. ECF Nos. 77, 80. Defendants' motions to dismiss for failure to state a claim are DENIED as moot. ECF Nos. 58, 61; *see, e.g., Viacom Int'l Inc. v. Armstrong Interactive, Inc.*, 18-CV-6117, 2019 WL 3890138, at *7 (S.D.N.Y. Aug. 19, 2019) (Buchwald, J.) (denying motion to dismiss for failure to state a claim as moot after granting defendants' motion to dismiss for lack of subject matter jurisdiction). Plaintiffs' motion to amend is DENIED. ECF No. 55. The Clerk of Court is respectfully directed to close all pending motions and close this case.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2021
      Brooklyn, New York

11